UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS,

            Petitioner,

-against-

ALLIED DESIGN AND CONSTRUCTION, LLC,

           Respondent.

**PETITION TO CONFIRM ARBITRATION AWARDS**

Case No. _____

---

Petitioner, New York City District Council of Carpenters, by its counsel Spivak Lipton LLP, respectfully alleges:

## PARTIES

1. Petitioner, New York City District Council of Carpenters (the "District Council" or "Union"), is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). The District Council maintains its office at 395 Hudson Street, New York, New York, 10014.

2. At the relevant times, Respondent, Allied Design and Construction, LLC ("Allied" or "Employer"), was licensed to do business in the state of New York. Upon information, Respondent has its principal place of business at 9 David Avenue, Hicksville, New York 11801. Respondent is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. § 152(2).

## JURISDICTION

3.  This is an action to confirm an arbitration award rendered by Arbitrator Roger Maher in favor of the District Council. Jurisdiction of this court is invoked pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(c).

## VENUE

4.  Venue is proper in this judicial district pursuant to LMRA Sections 301(a), (c), 29 U.S.C. §§ 185(a), (c) and 28 U.S.C. § 1391. This is the United States court in and for the judicial district in which Respondent resides, Respondent is registered to do business, Respondent has designated for service of process, and the Petitioner is engaged in representing members.

## FINALITY OF THE ARBITRATION AWARD

5.  At all relevant times, by virtue of its membership in the Association of Wall-Ceiling & Carpentry Industries of New York, Inc., Respondent was a party to a collective bargaining agreement ("CBA") with the District Council.

6.  The CBA provides for final and binding arbitration of disputes that arise between the parties and names Roger Maher as a designated impartial arbitrator to hear such disputes.

7.  The CBA also provides that upon the confirmation of the arbitrator's award, or on appeal therefrom, the prevailing party shall be entitled to receive all court costs in each proceeding as well as reasonable attorneys' fees.

8.  Disputes arose between the parties regarding Respondent's (1) working without a Shop Steward at 320 West 13th Street, New York, New York (Grievance No. 2015-471) and (2) failure to notify the Union of a job start at 1400 Broadway, New York, New York (Grievance No. 2015-1634).

9. Upon due notice to all parties, the Arbitrator held hearings on November 2, 2016. Respondent failed to appear at the hearings. The Arbitrator heard testimony and received evidence from the District Council. When the record was closed, the Arbitrator issued his opinion and awards ("Awards"). True and correct copies of the Awards for Grievance Nos. 2015-471 and 2015-1634 are attached hereto as Exhibits A and B, respectively.

10. For Grievance No. 2015-471, the Arbitrator found that Respondent violated the collective bargaining agreement when it laid off a Shop Steward, did not call the Union for a replacement Shop Steward, and continued working beginning April 14, 2015 at the 320 West 13th Street, New York, New York job site.

11. As a remedy, the Arbitrator ordered Respondent to pay to the District Council the equivalent of 14 hours of Carpenter wages and benefits at the rate of $94.61 per hour for a total of $1,324.54. The Arbitrator also ordered the Employer to pay $1,000 to the Arbitrator as the Employer's contractual half of the Arbitrator fee.

12. For Grievance No. 2015-1634, the Arbitrator found that Respondent violated the CBA when it failed to notify the District Council of a Carpenter related job at 1400 Broadway, New York, New York.

13. As a remedy, the Arbitrator ordered Respondent to pay to the District Council the equivalent of 70 hours of Carpenter wages and benefits at the rate of $94.61 per hour for a total of $6,622.70. The Arbitrator also ordered the Employer to pay $1,000 to the Arbitrator as the Employer's contractual half of the Arbitrator fee.

14. To date, Respondent has failed to satisfy its obligations pursuant to the Awards. Judgment on the Awards is therefore necessary to permit the District Council to enforce the Awards.

15. The Awards have not been vacated or modified by any order of any Court of competent jurisdiction and are still in full force and effect.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests an Order and Judgment granting the following relief:

(i) confirming the Arbitration Awards of Roger Maher in their entirety;

(ii) directing Allied to pay a total of $7,947.24 to the District Council;

(iii) directing Allied to pay $2,000 as the Employer's half of the Arbitrator fees for the hearings;

(iv) directing Allied to pay the District Council's reasonable attorneys' fees and costs associated with this action and enforcement of the judgment in this matter;

(v) directing judgment to be entered thereon;

(vi) allowing pre- and post- judgment interest;

(vii) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 6, 2017

SPIVAK LIPTON LLP
Counsel for Petitioner New York City &
Vicinity District Council of Carpenters
1700 Broadway, 21st Floor
New York, NY 10019
Tel.: (212) 765-2100
Fax: (212) 765-8954
lsigelakis@spivaklipton.com

By: _____
Lydia Sigelakis (LS 4995)

4