UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS,

                     Petitioner,                 **MEMORANDUM & ORDER**

      -against-

                                          17-CV-6461 (PKC)(RLM)

ALLIED DESIGN AND CONSTRUCTION,
LLC,

                     Respondent.
-----------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On November 6, 2017, Petitioner New York City District Council of Carpenters ("Petitioner" or the "Union") filed a petition, pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), seeking to confirm two arbitration awards that had been issued against Respondent Allied Design and Construction, LLC ("Respondent" or "Allied"). (*See* Petition to Confirm Arbitration Awards ("Pet."), Dkt. 1.)  On April 10, 2018, after the deadline had expired for Allied's response, the Court referred the Petition to the Honorable Roanne L. Mann, Chief United States Magistrate Judge, for a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b).

On August 7, 2018, Judge Mann issued an R&R recommending that the Court: (1) confirm the two arbitration awards and grant in substantial part the relief sought in the Petition, including: (a) $7,947.24 total in arbitration awards and (b) $921 in fees and costs; (2) grant both prejudgment and post-judgment interest awards to Petitioner at a lower federal rate under 28 U.S.C. § 1961; and (4) deny, in part, Petitioner's request for $2,000 in arbitrator's fees.  (Dkt. 9.)  Petitioner timely filed limited objections to the R&R on August 24, 2018, objecting only to Judge Mann's recommendations regarding prejudgment interest and the arbitrator's fees.  (Dkt. 10.)

For the reasons set forth below, the Court adopts Judge Mann's thorough and well-reasoned R&R in its entirety.

**STANDARD OF REVIEW**

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). Courts have held that when invoking *de novo* review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections [.]" *LaBarbera v. D. & R. Materials Inc.*, 588 F. Supp. 2d 342, 344 (E.D.N.Y. 2008) (quotations and citations omitted).

However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations. Further, the objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quotations and citations omitted). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, 08–CV–322, 2011 WL 933846 (TJM)(DRH), at *1 (S.D.N.Y. March 16, 2011) (citing *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); *Frankel v. N.Y.C.*, 06-CV-5450 (LTS) (DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009)). Finally, "[i]n this district and circuit,

it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Illis v. Artus*, 06-CV-3077 (SLT) (KAM), 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (quotations and citations omitted) (collecting cases).

## DISCUSSION

Petitioner raises only two objections to the R&R (Petitioner's Objections, "Pet. Obj.", Dkt. 10, at ECF 1-2)[1], both of which could not have been meaningfully raised below. The Court, therefore, reviews these objections *de novo. McDonaugh, v.* 672 F. Supp. 2d at 547; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### I.    Arbitrator's Fees

Petitioner objects to the R&R's recommendation that the Court deny Petitioner's request for the Respondent's share of the arbitrator's fees.   (Pet. Obj., at ECF 1-4; R&R at ECF 7-8.)   In this case, the Collective Bargaining Agreement ("CBA") between Petitioner and Respondent provides that "[t]he costs of the arbitration, including the arbitrator's fee shall be borne equally by [Allied] and [Petitioner] the Union." (Affidavit of Lydia Sigelakis dated May 25, 2018 ("Sigelakis Aff."), Exhibit ("Ex.") 2 (CBA), Dkt. 7-1, Article XIII, Section 4(b) at 36-37, ECF 54-55.)   In each of the awards, Arbitrator Roger Maher (the "Arbitrator") found, pursuant to the CBA, that "the parties have agreed to share the cost of the Arbitrator's fee", and specifically listed and enumerated the amount owed the Arbitrator by each party in the award.   (Pet., Ex. A, Dkt. 1-1 at ECF 3 and Ex. B, Dkt. 1-2 at ECF 3.)   Petitioner and Respondent each owed $2,000 for the two

---

[1] "ECF" refers to the pagination generated by the court's CM/ECF system, and not the document's internal pagination.

hearings conducted by the Arbitrator. (*See id.*) The awards stated that the Arbitrator's fee was to be paid by the parties "directly to the arbitrator." (*Id.*) Respondent subsequently failed to satisfy any of its obligations pursuant to the awards, both to Petitioner and the Arbitrator. (Pet. ¶ 14 and Sigelakis Aff. ¶ 18.) The Petition included, *inter alia*, a specific request that Respondent pay $2,000 as its half of the Arbitrator fees for the two hearings. (Pet. at ECF 4.) The Petition, however, does not state to whom the Arbitrator fees should be paid.

In most cases in this District, where, as here, (1) an arbitrator directs both parties to split the arbitrator fee pursuant to the CBA, (2) the arbitrator specifies the amount to be paid by each party in the award, (3) the employer fails to pay its share, and (4) the petition to confirm the award requests payment of the employer's unpaid share of the arbitrator's fee, an arbitrator's fee may be properly awarded in the judgment to confirm the award. *See N.Y. City District Council of Carpenters v. Best Made Floors, Inc.,* 706 Fed. Appx. 31 at *6 (2d Cir. 2017) (affirming December 22, 2016 judgment in favor of Petitioner, awarding, *inter alia*, "$1,500 in fees in favor of the Arbitrator."); *N.Y. City & Vicinity Dist. Council of Carpenters v. Vardaris Tech. Inc*. No. 16-CV-6428 (DLI) (ST), 2018 WL 2050590, at *5 (E.D.N.Y. Jan. 3, 2018, *report and recommendation adopted,* E.D.N.Y. Mar. 13, 2018) (awarding petitioner $500 as respondent employer's half of the arbitrator's fee); *New York City & Vicinity Dist. Council of Carpenters v. Sukhmany Constr. Inc.*, No. 16-CV-6360 (RRM), 2018 WL 1462235, at *1 (E.D.N.Y. Feb. 6, 2018), *report and recommendation adopted,* 2018 WL 1459457 (E.D.N.Y. Mar. 23, 2018) (same); *New York City & Vicinity Dist. Council of Carpenters v. Golden Dev. & Constr. Corp*., No. 15-CV-4462 (KAM)(JO), 2016 WL 4523927, at *1-2 (E.D.N.Y. Aug. 22, 2016) (confirming $950 award to petitioner for respondent's half of the arbitrator's fee).

However, here, Petitioner has failed to clarify whether it is seeking reimbursement of Respondent's share of the arbitrator's fee as a direct cost, or instead, whether it is seeking a judgment award of $2,000 to be paid directly to the Arbitrator as a neutral third party. The awards in this case unequivocally state that each party must pay their half of the fee to "directly to the Arbitrator". (Ex. A, Dkt. 1-1 at ECF 3 and Ex. B, Dkt. 1-2 at ECF 3.) There is nothing in the CBA provisions or the arbitration awards provided to the Court to indicate that Petitioner "may stand in the shoes of the arbitrator to recover unpaid fees." *New York City Dist. Council of Carpenters v. Trinity Phoenix Constr. Corp.,* No. 17-CV-609 (DLI) (SJB), 2018 WL 1521862, at *6 (E.D.N.Y. Jan. 10, 2018) ("To the extent an arbitrator seeks to recover fees from [respondent employer] then an arbitrator could initiate any collection action or other proceeding, relying on whatever agreement an arbitrator has with [respondent employer] to recover unpaid fees.")[2]

In *Korean Trade Ins. Corp. v. Eat It Corp.*, No. 14-CV-3456 (MKB) (RLM), 2015 WL 1247053, at *5, *adopting report and recommendation* (E.D.N.Y. Mar. 16, 2015), the district court denied a petitioner's request for an additional award of $4,656.47 as one-third of the total arbitration expenses, because the petition (1) did "not articulate[] why [petitioner] should be able to recoup that portion of the costs", (2) failed to provide "any evidence of the actual amount of the arbitration costs" and (3) made no reference to these costs. *Id.* While Petitioner in this case did provide evidence of the actual arbitration costs (Ex. A, Dkt. 1-1 at ECF 3 and Ex. B, Dkt. 1-2 at

---

[2] Article XIII, Section 4(e) of the CBA allows for the recovery of "court costs" by the prevailing party. (CBA, Ex. 2, Dkt. 7-1 at 37, ECF 55.) "[H]owever, court costs are not arbitration costs." *Trinity Phoenix Constr. Corp.,* 2018 WL 1521862, at *6, n. 5. Moreover, Petitioner has failed to specify to the Court whether it has paid arbitration fees as costs incident to its court filings or whether it is seeking reimbursement of such costs.

ECF 3), and Petitioner specifically requested the amount owed the Arbitrator in the original Petition (Pet. at ECF 4), it did not explain why Petitioner *itself* is entitled to Respondent's unpaid half of the arbitrator's fee.

This case is also distinguishable from cases in which the arbitration awards specifically directed reimbursement of the respondent's unpaid half of the arbitration fee to the petitioner. *Cf. New York City Dist. Council of Carpenters v. Dash Floor Covering, Inc.*, 17-CV-0798 (ARR) (JO), 2018 WL 1370267, at *4 (E.D.N.Y. Mar. 1, 2018), *report and recommendation adopted*, 2018 WL 1368026, at *4 (E.D.N.Y. Mar. 16, 2018) (confirming $1,000 award based on arbitrator's "determin[ation] . . . that [the respondent] should reimburse the Union for half of the $2,000 arbitration fee."). Indeed, payment of the respondent's share of the arbitrator's fees to the petitioner in that circumstance makes sense, because it can be assumed that the petitioner has paid, or committed to paying, the entire arbitrator's fee and has agreed to bear the responsibility and risk of collecting the respondent's share. Here, the arbitration awards did not direct that Respondent's share of the arbitrator's fee be paid to Petitioner, but instead directed that the arbitrator's fee be paid to "directly to the Arbitrator". (Ex. A, Dkt. 1-1 at ECF 3 and Ex. B, Dkt. 1-2 at ECF 3.)

Accordingly, based on its *de novo* review, the Court adopts the R&R's recommendation that Petitioner's request for Respondent's share of arbitration fees be denied.

## II.      Prejudgment Interest

Petitioner further objects to the R&R's recommendation that the federal prejudgment interest rate under 28 U.S.C. 1961 be applied,[3] rather than the rate sought in the Petition, based upon the N.Y. C.P.L.R. § 5004 rate of nine percent (9%) per annum.    (Pet. Obj., at ECF 4-6; R&R at ECF 8-10.)    District courts have discretion to set prejudgment interest rates.  *Sukhmany Constr., Inc.*, 2018 WL 1462235, at \*2; *see also Jones v. UNUM Life Ins. Co. Of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) (whether to award prejudgment interest is entrusted to court's discretion). While it is the "common practice" in this Circuit "to grant interest at a rate of 9% per annum under New York State law" in labor cases involving the confirmation of arbitration awards, *Bldg. Material Teamsters Local 282, I.B.T. v. A Star Bus. Servs. of New York Corp.,* No. 11-CV-4646, (KAM) (CLP) 2012 WL 3568262, at \*6 (E.D.N.Y. May 30, 2012), *report and recommendation adopted*, 2012 WL 3230481 (E.D.N.Y. Aug. 6, 2012) (internal quotation marks omitted), the Court should ensure that "the interest rate [does] not overcompensate the Petitioner."    *Sarhank Grp. v. Oracle Corp*., No. 01-CV-1285 (DAB), 2004 WL 324881, at \*4 (S.D.N.Y. Feb. 19, 2004), *vacated and remanded on other grounds*, 404 F.3d 657 (2d Cir. 2005).

Here, Judge Mann denied Petitioner the New York statutory interest rate of 9% because it "did not act expeditiously in filing its Petition but instead waited until the statute of limitations

---

[3] 28 U.S.C. § 1961 links the federal post-judgment interest rate to "the rate of interest the government pays on money it borrows" in U.S. Treasury bills.  *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) (citing 28 U.S.C. § 1961(a)).  *See, e.g., Retail, Wholesale & Chain Store Food Employees Union, Local 338 v. Red Apple Supermarkets*, No. A98-CV-0215 (DGT), 1999 WL 551253, at \*5 (E.D.N.Y. June 24, 1999) (applying 28 U.S.C. § 1961 rate to prejudgment interest, and granting petition to confirm arbitration award under the LMRA).

was about to expire." (R&R at ECF 10.) Judge Mann held that awarding Petitioner the "more generous" prejudgment interest rate, under these circumstances, would "result in a windfall". (*Id*.) The Court agrees.

Recognizing that courts in this Circuit have granted prejudgment interest at the 9% rate where a petition to confirm an arbitration award was filed right before the expiration of the statute of limitations period, *see, e.g., Golden Dev. & Constr. Corp*., 2016 WL 4523927, at *3 (awarding 9% prejudgment interest rate where petition was filed nearly a year after arbitration award); *Sukhmany Constr., Inc.*, 2018 WL 1462235, at *2, *report and recommendation adopted*, 2018 WL 1459457 (awarding 9% prejudgment interest rate where petition was filed nearly 11 months after arbitration award), the Court nonetheless finds that Petitioner's decision not to file the Petition until the limitations period had almost run should not be rewarded by a higher interest rate. To do so would incentivize and encourage parties in straightforward cases such as this one to be dilatory and delay filing so as to maximize the amount of prejudgment interest awarded. *Sarhank Grp.*, 2004 WL 324881, at *4 (holding that "interest rate must not overcompensate the Petitioner").

Accordingly, based on its *de novo* review, the Court adopts the R&R's recommendation that the federal prejudgment interest rate be applied.

## CONCLUSION

Accordingly, for the reasons stated above, the Court adopts the well-considered R&R in its entirety. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) . The Court thus grants the Petition to confirm the arbitration awards and awards Petitioner $8,868.24 ($7,947.24 as awarded to Petitioner by the Arbitrator and $921 in fees and costs associated with this Petition). The Court further awards Petitioner prejudgment interest from November 7, 2016, on $7,947.24, to be

calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961, as well as post-judgment interest on $8,868.24, also calculated pursuant to 28 U.S.C. § 1961.  The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  September 13, 2018
          Brooklyn, New York